By the Court.—Speir, J.
By the original agreement between the plaintiff and the defendants the latter became liable and bound to purchase from the plaintiff the whole tract of land, and to pay to him therefor $10,000 in cash, and secure the balance of the purchase-money by their bond and mortgage. Shortly after this engagement with the plaintiff, the defendants, Kennedy and Hutchinson, entered into an agreement with Williamson, whereby they agreed that he should take the title to the land in his own name—they agreeing to pay their proportion of all moneys necessary to carry out the original agreement to buy of the plaintiff, and Williamson to render an account to them—they agreeing to assume their proportion of the mortgage to be given for the purchase—being, Kennedy one half, and Hutchinson one quarter. The deed from Williamson to Kennedy and Hutchinson was executed and delivered, and by its terms they accept the conveyance from Williamson of three undivided fourth parts of the premises in question, subject to the plaintiff’s mortgage thereon, which they assume and agree to pay as part of the consideration or purchase-money for their proportion.
*388 The promise made by Kennedy and Hutchinson to Williamson, was in effect a promise made by them upon a valid consideration for the benefit of the plaintiff, and comes within the principle illustrated by the example so frequently cited and concisely stated, “That when a promise is made to one for the benefit of another, he for whose benefit it is made may bring an action for its breach.” It has been, therefore, well settled that in such a case the action will lie in the name of the creditor for whose benefit the promise was made. The plaintiff here is such a creditor ; and it is equally well settled that he may pursue this remedy without foreclosing the mortgage and without joining the mortgagee as defendant.
It is insisted by the defendant that with a full knowledge of all the circumstances- in the case, and of the respective rights of the parties on the part of the plaintiff and Williamson, the individual obligation of Williamson was accepted by the plaintiff instead of the joint obligation of the three, and is in effect an accord and satisfaction of all claims against Kennedy and Hutchinson. The answer to-this is, there was no controversy then between the parties to settle, nor was the debt secured to be paid to the plaintiff satisfied or attempted to be by any one. It is also urged that under the original agreement the plaintiff was entitled and could have demanded the bond of the three parties for the balance of the purchase-money, and that he chose to abandon his right to accept the individual bond of Williamson, and that, therefore, he has no claim against the other two. It is enough that the plaintiff did not release the defendants from their promise; and whether he could or not is a question not now involved. He could not well discharge the promise beforé suit made, as it was for the plaintiff’s benefit, and, in accordance with legal presumption, accepted by him until his dissent was shown. Under *389 the decisions such promise is to be deemed made to the plaintiff, if adopted by him, though he was not a party, nor cognizant of it when made (Lawrence v. Fox, 20 N. Y. 268); and in Barker v. Bucklin (2 Den. 45) it is held that a promise so made may be without any consideration moving from the plaintiff.
It is objected that a court of equity has no jurisdiction to hear and determine a case of this character. The subject-matter of the action is the liability of the defendants, under the two agreements and the deed referred to. The plaintiff, in his complaint, relies upon a contract between himself and the defendants, and one between the defendants and the covenants of assumption in the deed, as between them and the plaintiff, in adjusting the equities among the defendants themselves. The cause of action is found in the breaches under the agreements and covenants assumed in the deed. The claim is for a separate judgment against each defendant, and for separate amounts due from each. It seems to me, the mere statement of the case sufficiently shows that the objection is not well taken.
The judgment below must be affirmed, with costs.
Freedman, J., concurred.